CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUN 1 2 2006

JOHN F. CORCORAN, CLERK
BY: /s/ HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| THYSSENKRUPP ELEVATOR CORPORATION, as fiduciary of THYSSENKRUPP ELEVATOR PENSION PLAN, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Civil Action No. 4:06-CV-00024 |
| JAMES G. LITTLE, | ) ) ) |
| Defendant. | ) |

## CONSENT ORDER GRANTING PRELIMINARY INJUNCTION

This matter came on to be heard on plaintiff's Motion for Preliminary Injunction (Docket Entry #5), pursuant to Federal Rule of Civil Procedure 65(a), to restrain and enjoin defendant, James G. Little, and others in active concert or participation with him, from disposing or expending, directly or indirectly, the proceeds of certain pension benefits distributed by plaintiff to defendant in January and May 2005 pending a final hearing and determination on the merits of this action; on the plaintiff's related Motion for Leave to Commence Discovery; and upon the consent of defendant to the granting of such relief.

Upon consideration of the plaintiff's Verified Complaint and Motions, and pursuant to the representations and consent of the defendant the Court finds that:

1. Plaintiff, as fiduciary of the ThyssenKrupp Elevator Pension Plan (the "Plan"), has filed a Verified Complaint alleging that the Plan made certain lump sum payments of retirement benefits to defendant to which he was not entitled under the

Plan, and in violation of the terms of the Plan, in the amount of $570,422 and that defendant has failed or refused to reimburse or make restitution of the alleged excess benefits to the Plan;

2. Defendant has represented that the alleged excess benefits in the amount of $570,422 are currently held in an investment account No. 95-9987738, in the custody of the Lincoln Financial Group (the "custodian") for the benefit of defendant and has consented to the granting of preliminary injunctive relief as requested by plaintiff.

3. Plaintiff will suffer irreparable injury, loss, and damage if the alleged excess benefits should be disposed of by defendant or the custodian so as to be unavailable for reimbursement or restitution to the Plan upon a final hearing and determination on the merits in this action;

4. Plaintiff has made the requisite showing of likelihood of success on the merits of its claims;

5. Plaintiff will suffer greater injury by the denial of preliminary injunctive relief to preserve the status quo pending final determination on the merits than would be suffered by defendant by the granting of such relief;

6. The granting of preliminary injunctive relief to plaintiff will serve the public interest, including the public's interest in the enforcement of the terms of employee pension benefit plans in accordance with the provisions of ERISA, 29 U.S.C. § 1132(a)(3); and

7. Plaintiff has no adequate remedy at law and has standing to obtain

appropriate equitable relief under the provisions of ERISA, 29 U.S.C. § 1132(a)(3).

In view of the foregoing, this Court concludes that plaintiff is entitled to a preliminary injunction pending final hearing and determination of the merits or until further order of the Court.

Therefore, it is hereby ORDERED that plaintiff's Motion for Preliminary Injunction be, and the same hereby is, GRANTED to be effective forthwith upon the plaintiff having executed and filed with the Clerk a bond without corporate surety in the sum of Ten Thousand and 00/100 Dollars ($10,000.00), conditioned to pay any costs or damages that may be incurred or sustained by defendant and for which plaintiff is found liable by reason of having wrongfully enjoined defendant in this action by such preliminary injunction, in the form of Exhibit A attached.

It is FURTHER ORDERED that defendant be, and hereby is, restrained and enjoined from disposing, disbursing, expending, transferring, or otherwise alienating, directly or indirectly, any of the excess benefits in the sum of $570,422 or any interest and dividends accruing thereon from the date hereof from the account held by the custodian for the benefit of Little pending a final hearing and determination on the merits of the above-styled action, or until further order of this Court.

It is further ORDERED that plaintiff is hereby granted leave to commence discovery herein immediately pursuant to Federal Rule of Civil Procedure 26(d).

ENTERED this 12th day of June, 2006.

*[signature: Jackson L. Kiser]*

3

United States District Judge

We ask for this:

   s/Mark E. Feldmann
Mark E. Feldmann (VSB#13259)
Jeremy E. Carroll (VSB # 41331)
Glenn, Feldmann, Darby & Goodlatte
P. O. Box 2887
Roanoke, Virginia 24001
Telephone: (540) 224-8000
Facsimile: (540) 224-8050

Counsel for ThyssenKrupp Elevator Corporation

Seen and agreed:

   s/Mark A. Black
Dennis P. Brumberg (VSB#1031)
Mark A. Black, (VSB#20461)
Brumberg, Mackey & Wall, P.L.C.
Professional Arts Building, Suite 800
30 Franklin Road, S. W.
Roanoke, Virginia 24011
Telephone: (540) 343-2956
Facsimile: (540) 343-2987

Counsel for James G. Little

4